IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WALTER V. HARRIS, 31371-068, )
    Petitioner, )
     )
    v. ) 2:14-cv-1700
     )
BOBBY L. MEEKS, et al., )
    Respondents. )

MEMORANDUM and ORDER

Walter V. Harris, an inmate at the Federal Correctional Institution at McKean has presented a petition seeking to challenge his conviction upon a plea of nolo contendere at No. CC199709183 in the Court of Common Pleas of Allegheny County, Pennsylvania. On August 17, 2008 he was sentenced to a 72 to 216 month period of incarceration.[1]

Appended to the petition, Harris has provided the September 24, 2013 Memorandum of the Superior Court setting forth the chronology of events occurring in this prosecution:

> On June 22, 1998, Appellant appeared before the trial court and entered a *nolo contendere* plea to two counts of burglary, eight counts of robbery, eleven counts of unlawful restrain, and one count each of criminal conspiracy, violation of the uniform firearms act – person not to possess firearms, and prohibited offensive weapons. All of the above crimes arose out of an incident that occurred on July 15, 1997.
>
> On August 20, 1998, the trial court sentenced Appellant to 72 to 144 months' incarceration for the burglary conviction and concurrent terms of 72 to 216 months' at two of the robbery convictions. The trial court imposed no further penalty on the remaining convictions. Appellant did not file post-sentence motions or a direct appeal.
>
> On March 16, 2005, proceeding *pro se* Appellant initiated his first PCRA petition, and the PCRA court later appointed counsel to represent Appellant for those proceedings… On June 27, 2006, the PCRA court granted counsel's motion to withdraw and dismissed Appellant's PCRA petition. Appellant did not appeal that order.

---

[1] See: Petition at ¶¶ 1-6.

Thereafter, nearly six years later, on May 3, 2012, Appellant proceeding *pro se*, initiated this, his second PCRA petition. On September 27, 2012, the PCRA court dismissed Appellant's petition as untimely. This appeal followed…

A PCRA petition, including a second or subsequent petition, must be filed within one year of the date the underlying judgment of sentence becomes final. A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review."

If a PCRA petition is untimely, we may only reach the merits where at least one of the three limited exceptions to the PCRA's timeliness requirements applies. These exceptions apply when a PCRA petitioner pleads and proves that: 1) unlawful interference by government officials caused the failure to raise the claim previously; 2) the facts upon which the PCRA claim is predicated were unknown to the petitioner and could not have been ascertained through reasonable diligence; or 3) the right asserted in the petition is a constitutional right that has been given retroactive application. To properly invoke one of these exceptions, the petitioner must file his petition within 60 days of the date that the claim could have been presented…

The instant PCRA petition is patently untimely. Indeed, Appellant was convicted over 14 years ago, in 1998, and his judgment of sentence became final that same year. Furthermore, Appellant's own filing concedes that he has not pled that the allegations within the instant PCRA petition fit within one of the timeliness exceptions…

Therefore, we agree with the PCRA court's determination that the instant PCRA petition is patently untimely and that Appellant failed to adequately plead or prove that he is entitled to consideration under one of the PCRA's timeliness exceptions… (citations and footnotes omitted).

In support of the instant petition, Harris contends he is entitled to federal relief on the following grounds:

1. The lower court was in error in denying my post-conviction motion upon procedural grounds. While the motion was successive and was filed outside typically allowed deadline, the motion was based upon facts not know at the time. Petitioner was never made aware that he was pleading guilty to any charges that would be considered violent…
2. Court erred in failing to grant appellant's post-conviction motion upon the merits. The appellant entered an invalid guilty plea in violation of his right to due process of law, as the appellant was unaware of the consequences.

3. Petitioner argues that the time limits in this case operate as a violation of the right to file a post-conviction motion guaranteed by the Suspension Clause of the United States Constitution.[2]

It is provided in 28 U.S.C. § 2244(d)(1) and (d)(2) that:

(1) A 1-year period of limitation shall apply to the application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

An untimely post-conviction petition is not "properly filed". Pace v. DiGulglielmo, 544 U.S. 408 (2005).

In the instant case, petitioner was sentenced on August 20, 1998 and did not appeal his conviction. As a result his conviction became final on September 19, 1998.[3] Gonzalez v. Thaler, 132 S.Ct. 641 (2012). The effective date of the Antiterrorism and Effective Death Penalty Act which imposed the one year statute of limitations is April 24, 1996 and thus it is applicable here. The petitioner did not seek post-conviction relief until March 16, 2005 or about six and a half years after he could have done so. That petition was denied on June 27, 2006 and no appeal was pursued. A second post-conviction petition was filed on May 3, 2012, and was dismissed as untimely on September 27, 2012. On September 24, 2013, the Superior Court affirmed the dismissal of the second post-conviction petition. The instant petition was executed on November 3, 2014 and received on December 16, 2014, or over sixteen years after Harris' conviction

---

[2] See: Petition at ¶12.
[3] Pa.R.App.P. 903.

became final. Thus, combining the delay in initially seeking post-conviction relief with the delay in seeking relief here, far in excess of the one year period in which to seek relief has expired, and the petition here is time barred unless a basis for equitable tolling exists. Day v. McDonough, 547 U.S. 198 (2006); United States v. Bendolph, 409 F.3d 155 (3dCir. 2005)(en banc).

Accordingly, the petitioner will be directed to show cause, if any, why the instant petition should not be dismissed as time barred.

An appropriate Order will be entered.

ORDER

AND NOW, this 17th day of December, 2014 for the reasons set forth in the foregoing Memorandum, it is Ordered that on or before January 7, 2015, the petition show cause, if any, why the instant petition should not be dismissed as time barred.

s/ Robert C. Mitchell
United States Magistrate Judge